UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | NO. 3:09CR117 (MRK) |
| JOHN MINTER | : | OCTOBER 3, 2011 |

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Background & Issues

On May 6, 2010, the defendant, John Minter, pled guilty to one count of Conspiracy to Possess with Intent to Distribute Five Grams or More of Crack Cocaine in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(B).  Defendant has been detained on these charges since May 27, 2009, and sentencing is now scheduled for October 6, 2011.

The issues raised by this sentencing memorandum are as follows:

1.  Whether, because of the Fair Sentencing Act, the defendant is subject to a 20 year sentence and not a 40 year as set forth in the pre-sentence report.  If he is subject to the former maximum, his guidelines as a career offender decrease. §4B1.1(b)(B); §4B1.1(b)(C).

2.  The defendant is not a career offender, since one of the alleged predicate felonies, the state robbery conviction of 1991 should not be counted because it should not have been within the 15 year range. §4A1.2(e)(1).

1

3.  Even if the defendant is deemed a career offender, the Court should depart below the career offender guideline range, because of the age of the predicate felonies. §4A1.3(b)(3).

4.  The robbery conviction set forth in paragraph 36 of the pre-sentence report should not be counted as it was actually a 4 year concurrent sentence and beyond the 15 year range set forth in §4A1.1 of the guidelines.  Thus, his criminal history score should be reduced by three points.

5.  The amount of crack cocaine attributed to the defendant should be less than 500 grams and the government has not sustained its burden to show the increased amount of crack cocaine set forth in paragraphs 8, 16, 18 and 24 of the pre-sentence report.

6.  The court should depart well below any guideline range it ultimately deems correct based upon other matters which are set forth in a separate sealed sentencing memorandum.

7.  The court should adopt a 1:1 ratio of cocaine base to cocaine powder.

8.  Because of the defendant's poor health, the court should grant a non-guideline sentence below the guideline range.  18 U.S.C. §3553(a).

I.      Fair Sentencing Act reduces the Career Offender Guidelines.

The pre-sentence report asserts that the defendant has a 5 year mandatory minimum and 40 year maximum sentence.  This is based upon the fact that the indictment

2

charges five grams or more of crack cocaine and, thus, exposes Minter to what was at one time a 40 year maximum sentence.  As the court is aware, the Fair Sentencing Act of 2010 changed all this and made a 40 year maximum sentence only applicable to someone charged and convicted of at least 28 grams of cocaine base.  The pre-sentence report at paragraph 30 states that Mr. Minter is a career offender because the statutory maximum is 40 years.  He would, thus, be subject to an adjusted offense level of 34. §4B1.1(b)(B).  However, as stated, the defendant, because the Fair Sentencing Act is applicable, is now only exposed to a 20 year maximum and, thus, would be subject to the career offender guideline of §4B1.1(b)(C) and an offense level of 32, before factoring in three points for acceptance of responsibility. §3E1.1.

The Attorney General of the United States has recently advised all the U. S. Attorneys and indirectly, the Court, that the United States takes the position that the Fair Sentencing Act and its mandatory minimum and maximum sentences are to be applied retroactively for someone who has not yet been sentenced.  (Copy attached).  Thus, under the position of the Attorney General, since Mr. Minter is not charged in an information or indictment with having conspired to sell more than 36 grams of crack, he is subject to a maximum of 20 years and to a career offender adjusted guideline of 151 months to 188 months.  Sentencing Table.

II.    <u>The defendant is not a career offender because his release from the state robbery conviction should have occurred well beyond the 15 year period prior to his</u>

commission of the present offense.

The defendant does not disagree that the federal bank robbery conviction counts as a predicate felony for career offender status, but disputes the use of the state robbery conviction. Section 4A1.2(e)(1). To determine if the state robbery conviction falls within the 15 year period, the court must determine if he was incarcerated during any part of that period. Id. The pre-sentence report informs the court that the defendant was released in late 1994 for the robbery charge. While it is not entirely clear when the defendant began his reinvolvement with the Maylor operation, probably the best date for this court's use would be December 13, 2008, when Mr. Minter was picked up on the wiretap speaking to Mr. Maylor. PSR at 15. Thus, if Mr. Minter were in custody under the state robbery charge at or beyond December 13, 1993, the robbery charge should count as a predicate felony for career criminal purposes. At first glance, the government is right since Mr. Minter was not released from the state sentence until late 1994.

Defendant has attached to this memorandum, various correspondence and records of the state Department of Correction concerning the rather convoluted  history of this 1991 conviction. It would appear that the defendant was originally sentenced to four years on January 31, 1991. That sentence was to run consecutively to a federal sentence but the state court mistakenly believed that the federal sentence was running at that time.  See Memo of State DOC of 3/23/92. Defendant, in fact, was in state custody and not serving

4

any federal sentence from which the state court sentence could then have run consecutively.  This fact converted that four year sentence into a concurrent sentence.  He was voted to parole to the federal sentence on December 1, 1991, well outside the 15 year period.  The pre-sentence report, paragraph 36, states that the defendant was actually arrested and in state custody on this case.  From the documents attached to this memorandum, it should be clear that had the state robbery sentence run independently to the federal sentence, as it should have, defendant probably would have been paroled to the federal detainer no later than the 50 percent point or by February 5, 1992.  Thus, he would have been out of state custody on the state charge well beyond the 15 year limit previously discussed.

The attached documents show that on March 11, 1992, this four year sentence was unilaterally changed to a seven year sentence "to run concurrent [sic] to the state sentence and to... federal sentence".  See Department of Correction memorandum of March 23, 1992.  This modification was done without the presence of the defendant and even without his knowledge.   This court should give no weight to this illegally imposed seven year sentence and recognize its lack of constitutionality.   Should this court treat the state robbery sentence of 1991 as a four year sentence running from 1990, Mr. Minter would have been released well before the period dating back fifteen years from his present involvement in the narcotics offense.  Thus, Mr. Minter should be deemed not to be a

career offender.

III.     Even if the defendant is deemed a career offender, this Court should depart well below those guidelines because of the age of the predicate felonies.

His two predicate felony convictions are now over 21 years old.  This 42 year old man was barely 20 years of age at the time.  None of the intervening convictions involve crimes of violence or controlled substance offenses nor was he even charged with those type of offenses.  If these two predicate felonies were only a year or two older, the defendant would now not be deemed a career criminal.

Thus, this court should downwardly depart for a defendant who is barely a career criminal.  Predicate felonies committed in one's youth have been held to be a basis for a downward departure from career offender status.  United States v. Brown, 985 F.2d 478 (9th Cir. 1993).

While the guidelines themselves, since the 2003 amendments, only allow a horizontal departure and one criminal history point for a career offender, the court need not be bound by this guideline if it does not agree with it.  In this case the court can impose a non-guideline sentence substantially less than the one point horizontal departure if it so desires.  Section 4A1.3(b)(3).  Because of the age of these particular predicate felonies and the fact they occurred close in time, this court should hold that Mr. Minter is not a career offender and "vary" the sentence it would impose considerably below whatever career offender guideline range it might find applicable.

6

IV.   <u>Defendant's criminal history should eliminate three points for the state robbery conviction.</u>

As previously stated, for the same reasons that the robbery should not be considered a predicate felony for career offender status, it should not be counted at all in his criminal history score.  If it were not for the state Superior Court manipulations, defendant would have served his time on the robbery conviction beyond the 15 year limit. The Court should eliminate the three points set forth in paragraph 36 of the pre-sentence report and find that he has a total of four criminal history points.  Thus, Minter falls into Criminal History Category IV.

V.   <u>The amount of cocaine base.</u>

The defendant and the government are in disagreement as to the amount of cocaine base which should be attributed to him.  The government claims, as does probation, that the defendant is responsible for 1,250 grams.  PSR ¶18.  Defendant asserts that he is responsible for less than 500 grams.

The government as the proponent of the higher amount bears the burden of offering some proof at sentencing for the amount it claims.  The government is required to support this higher level of cocaine base by a preponderance of the evidence.  Section 6A1.3, Commentary.  The defendant will, therefore, leave it to the court to determine the appropriate amount of cocaine base for which he is responsible.

VI.   <u>The defendant has already addressed himself in a separate sentencing</u>

memorandum to issues which will not be disclosed in this memorandum.

VII.   Whatever amount the Court finds that the defendant is attributable to, it should
         set a adjusted Base Offense Level as if the crack were cocaine powder.

If the defendant were held responsible for 1,250 grams of cocaine powder and not

base, his guideline level would be 26 and if reduced by 3 points for acceptance of

responsibility, he would be at Level 23.  At Criminal History V, the defendant would be at

a range of  84 to 105 months and, if Criminal History IV applied, his guideline range

would be 70 to 87 months.

Because this court now has the authority to exercise its own discretion and reject the

vast Guideline disparity between crack and cocaine, it is not required to "adhere to the

100 to 1 ratio for crack cocaine quantities other than those that trigger the statutory

mandatory minimum sentences".  United States v. Kimbrough, 128 S. Ct. 558, 572 (2007).

And as the Supreme Court has more recently said, "district courts are entitled to reject and

vary categorically from the crack-cocaine guidelines based on a policy disagreement with

those guidelines".  Spears v. United States, ___ U.S. 129 S. Ct. 840, 843-44 (2009) (per

curiam).  As one court has recognized, "crack cocaine" is, after all, just cocaine powder

"cooked" with water and baking soda.  See United States v. Vesey, 330 F.3d 1070, 1073

(8th Cir. 2003).  The defendant respectfully requests that this court adopt the reasoning of

the Northern District of Iowa, Central Division, in United States v. Gully, CRO-3005-MWB

(5/16/09, Northern District of Iowa).

VIII.   <u>The Court should impose a non-guideline sentence for additional reasons not previously set forth</u>.

Under the sentencing statute, 18 U.S.C. §3553(a), the Court can consider the "characteristics of the defendant", among other factors, in determining what sentence is "sufficient but not greater than necessary, to comply with the purposes…" of the sentencing statute.  18 U.S.C. §3553(a).  The Court can see from the pre-sentence report that defendant has serious medical issues which probably will not be adequately treated by the federal Bureau of Prisons.  He has been suffering from Crohn's disease since 1990,and has had serious neck and back injuries arising from a car accident since 2003.  PSR at 61 and 62.  For these reasons, as well as his longstanding narcotics addiction, and for other reasons briefly stated in this and in another memorandum, this Court should impose a sentence of no more than 60 months.

Respectfully submitted,

DEFENDANT, JOHN MINTER


By:_____/s/ Richard S. Cramer_____
          Richard S. Cramer
          250 Hudson Street
          Hartford, CT 06106
          860.560.7704
          Federal Bar #ct00016
          cramer@snet.net

<u>CERTIFICATION</u>

Pursuant to the Court's designation of this matter as an electronically filed case, and in accordance with the requirements for certification of service in such cases, the undersigned certifies that the foregoing document was filed electronically on the 4th day of October 2011.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.



/s/ Richard S. Cramer
Richard S. Cramer